24CA2058 Peo in Interest of CW 10-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2058
El Paso County District Court No. 17JD55
Honorable Diana K. May, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of C.W.,

Juvenile-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Lipinsky and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

---

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Petitioner-Appellee

Nicole M. Mooney, Alternate Defense Counsel, Golden, Colorado, for Juvenile-Appellant

¶ 1    C.W. appeals the denial of his motion to correct an illegal sentence under Crim. P. 35(a).  We affirm.

## I.    Background

¶ 2    In 2017, C.W., then a juvenile, was charged with various crimes related to the burglary of a guns and ammunition store.  He later pleaded guilty to second degree burglary in exchange for the dismissal of the remaining charges.  As part of the plea agreement, C.W. agreed to pay restitution.  At the sentencing hearing, the district court ordered, among other things, that "[t]here will be . . . restitution."  It then granted the prosecution ninety-one days to determine the restitution amount and the defense thirty-five days to object.

¶ 3    After the defense objected to the requested restitution, the court held a restitution hearing.  The court entered a final restitution order on June 27, 2018 — 209 days after sentencing.

¶ 4    Roughly six years later, C.W. filed a motion under Rule 35(a), arguing that his sentence was illegal because the court imposed restitution more than ninety-one days after the judgment of conviction without a good cause finding to extend the deadline in

1

violation of section 18-1.3-603(1)(b), C.R.S. 2016.[1]  C.W. asked the court to correct the illegal sentence by removing the unauthorized restitution.

¶ 5    The postconviction court denied the motion.

## II.    Analysis

¶ 6    C.W. contends that the postconviction court erred by denying his Rule 35(a) motion.  He maintains that his sentence is illegal because the court failed to order restitution within the statutory deadline, and he asks us to vacate the restitution order.[2]

---

[1] Though the statutory deadline to enter restitution has since been amended, *see* Ch. 307, sec. 1, § 18-1.3-603(1)(b), 2025 Colo. Sess. Laws 1606, we cite — throughout this opinion — the statute in effect at the time of the charged crime.  That statute required the district court either to determine the amount of restitution within ninety-one days of the judgment of conviction or to make an express good-cause finding to extend the deadline before it expired. § 18-1.3-603(1)(b), C.R.S. 2016.

[2] The opening and reply briefs also assert that C.W. was not present at the restitution hearing (though his attorney was) and that C.W. had no notice of the restitution order until 2024.  These statements are conclusory, undeveloped, and untethered to any legal argument.  We therefore don't consider them.  *See People v. Gingles*, 2014 COA 163, ¶ 29 (declining to address cursory and undeveloped issues).

### A. Legal Principles and Standard of Review

¶ 7 Under Rule 35(a), a defendant may file a postconviction motion to correct an illegal sentence — one that was not authorized by law or imposed without jurisdiction — or to correct a sentence imposed in an illegal manner. *Tennyson v. People*, 2025 CO 31, ¶ 24. While an illegal sentence claim may be raised at any time, a claim that a sentence was imposed in an illegal manner must be brought within 126 days after the imposition of the sentence. *Id.* at ¶ 31.

¶ 8 We review de novo the denial of a Rule 35(a) motion challenging the legality of a sentence. *Id.* at ¶ 23.

### B. The District Court Properly Denied the Rule 35(a) Motion

¶ 9 C.W. argues that the postconviction court entered an illegal sentence because (1) it neglected to assign liability for restitution at the sentencing hearing, and (2) it determined the amount of restitution outside the statutory deadline without finding good cause to extend the deadline.

¶ 10 A judgment of conviction must include one of four orders regarding restitution: (1) an order requiring a specific amount of restitution; (2) an order requiring restitution but deferring the

specific amount for a period of time allowed by the restitution statute (or longer, upon a good cause finding); (3) an order requiring payment of the actual costs of a victim's specific future treatment; or (4) an order finding no restitution is owed. § 18-1.3-603(1)(a)-(d); *Tennyson,* ¶ 39. A sentence that doesn't include any of these orders is illegal and correctable at any time. *Tennyson,* ¶ 39.

¶ 11 Under section 18-1.3-603(1)(b) — the provision at issue here — the judgment of conviction must include an order assigning liability for restitution, even if the amount is determined later. *See Tennyson,* ¶ 41.

¶ 12 Though C.W. agreed to pay restitution in the plea agreement, he asserts that his sentence is illegal because the court didn't assign liability for restitution at the sentencing hearing. Not so. At the sentencing hearing, the court stated that "[t]here will be" restitution and granted the prosecution ninety-one days to determine the restitution amount owed. By doing so, the court implicitly — if not expressly — assigned restitution to C.W. *See id.* at ¶ 10 (holding that court's order giving the prosecution ninety days to determine what restitution is due and owing was sufficient to infer an assignment of liability).

¶ 13    That makes this case very different from *Snow v. People*, 2025 CO 32.  In *Snow*, the defendant pleaded guilty to second degree murder.  The plea agreement, however, said nothing about restitution.  *Id.* at ¶ 6.  And the prosecution did not request restitution at the sentencing hearing.  Rather, it asked the court to simply reserve restitution.  The court agreed and entered an order reserving restitution for sixty days without any distinction between liability and amount owed.  *Id.* at ¶ 7.  Under these circumstances — where the court "deferred the issue of restitution *in its entirety*" — the supreme court concluded that the sentence was illegal.  *Id.* at ¶¶ 2, 22-23.  Because the district court here did not defer restitution in its entirety, we reject C.W.'s claim that his sentence was illegal.

¶ 14    That brings us to C.W.'s claim that his sentence is illegal because the court determined the amount of restitution beyond the statutory deadline.  But during the pendency of this appeal, our supreme court clarified that a claim challenging the timeliness of an order setting the *amount* of restitution is an illegal manner claim

that must be brought within 126 days of sentencing. *Tennyson*,

¶¶ 7, 31; Crim. P. 35(a)-(b).[3]

¶ 15  Because C.W. filed his Rule 35(a) motion years after the 126-day deadline passed, the district court properly denied the motion as untimely.

### III.  Disposition

¶ 16  The order is affirmed.

JUDGE LIPINSKY and JUDGE KUHN concur.

---

[3] While we recognize that C.W. disagrees with *People v. Tennyson*, 2025 CO 31, and argues that it was wrongly decided, we are bound by that decision. *Caylao-Do v. Logue*, 2025 COA 42, ¶ 64.